**Frank FARR, Plaintiff,**

v.

**THE OHIO OIL CO., Defendant.**

**No. 1556.**

United States District Court, N. D. Indiana, South Bend Division.

March 14, 1955.

William L. Morris, Rochester, Ind., William E. Hanson, Akron, Ind., for plaintiff.

Jones, Obenchain & Butler, South Bend, Ind., for defendant.

PARKINSON, District Judge.

This is an action in damages for alleged breach of contract submitted to the Court for trial upon a complaint in one paragraph and an answer in admission and denial.

The original action was founded upon a complaint in two paragraphs, the first in damages for alleged fraud and the second in damages for alleged breach of contract. A motion to dismiss the first paragraph was sustained because the fraud therein alleged was predicated upon an alleged false promise to do some act in the future and not upon a false representation of a past or existing fact, and, therefore, failed to state a claim upon which relief could be granted. The motion to dismiss the second paragraph of complaint was overruled, and submission to the Court was upon the issues formed by the second paragraph of complaint and the answer thereto in admission and denial. On the issue thus joined, it is the decision of the cause on the merits which now demands the attention of this Court.

It is the contention of the plaintiff that the defendant committed a breach of an implied contract to furnish medical care to the plaintiff and that he has been damaged thereby.

■ Under the law in Indiana, which is herein applicable, an implied contract is an agreement of the parties arrived at from their acts and conduct viewed in the light of surrounding circumstances, and not from their words either spoken or written. It grows out of the intentions of the parties and there must be a meeting of the minds. It differs from an express contract only in the mode of proof.

■ The testimony of the plaintiff, upon whom rests the burden of proof, is replete with inconsistencies. The evidence fails to establish any contract, express or implied, whereby the defendant was to furnish medical care to the plaintiff. The money expended by the defendant in aid of the plaintiff to ascertain if he had any disability was voluntary and gratuitous on the part of the defendant and without any consideration therefor. Were we, however, to stretch our judicial imagination,—a luxury in which courts cannot afford to indulge—to the point where we could find an implied contract and could further find a breach thereof by the defendant, there is no evidence in the record as to the amount of any damage resulting therefrom.

Therefore, the Court having considered all of the evidence adduced, the arguments of counsel, and the law applicable thereto, does now make the following

### Findings of Fact

1

The plaintiff was in the employ of the defendant for a period from March 1, 1950 to April 30, 1952, and his average weekly wage during said employment was in excess of $45.00.

2

On May 1, 1952, the relationship between the parties changed from that of master and servant to that of contractee and contractor, and from May 1, 1952 to October 28, 1953, the plaintiff was a commission contract hauler of petroleum products for the defendant.

3

On or about April 11, 1951, the plaintiff reported to his superior, Mr. Grubbs, that, on February 2, 1951, the plaintiff had sustained an injury by accident arising out of and in the course of his employment.

4

The plaintiff lost no time from work and the alleged accident was not reported by the defendant to the Industrial Board of Indiana.

5

From February 2, 1951 to October 28, 1953, the plaintiff was neither partially or totally disabled from work within the meaning of the Workmen's Compensation Act of Indiana.

6

In 1945, the plaintiff fell backward from a boat dock at Lorain, Ohio, and landed on his back on the deck of a ship, and thereafter was disabled from work for a period of approximately twelve weeks, beginning on December 24, 1945; was under the care of a physician and suffered dizziness and nausea.

7

No employee or agent of the defendant at any time requested the plaintiff to promise in writing or otherwise not to bring legal action against the defendant on account of any alleged injury, or requested that the plaintiff refrain from instituting proceedings before the Industrial Board of Indiana on account of any injury nor did any employee or agent of the defendant promise the plaintiff that, in consideration of his refraining or forbearance, the defendant would take care of the plaintiff by furnishing medical care and by paying reasonable compensation.

**8**

The plaintiff did not write a letter to the defendant promising not to bring any legal action against the defendant in exchange for the defendant taking care of the plaintiff by paying for medical care and paying reasonable compensation.

**9**

The plaintiff requested, and the Vice President of the defendant authorized, and defendant's employees, Barber and Ward, arranged, by authority of said Vice President, for medical examination of the plaintiff by Dr. Weiss at South Bend, Indiana, in the summer of 1952, by Dr. Stewart at Toledo, Ohio, in January 1953, and by the Mayo Clinic at Rochester, Minnesota, in March 1953. The expenses of such examinations were ultimately borne by the defendant either by direct payment or by reimbursement of the plaintiff, and defendant also voluntarily reimbursed plaintiff for some chiropractic treatments in the sum of $29.00.

**10**

Neither said Barber nor Ward had any authority to enter into or execute any agreement for compensation or medical care under the provisions of the Indiana Workmen's Compensation Act.

**11**

In April or May, 1952, said Barber recommended to the plaintiff that he see his own attorney concerning the alleged injury of 1951, and thereupon the plaintiff did confer with Jesse A. Brown, a practicing attorney of Rochester, Indiana, who, on June 9, 1952, wrote a letter to the defendant wherein he informed the defendant as follows:

> "Mr. Farr was under the impression that the liability of the company, if any, extended indefinitely, however we have explained to him that the Indiana statute of limitations outlaws a personal injury claim after two years. He has asked that we so inform you."

**12**

The minds of the parties did not at any time meet upon the terms of any agreement, express or implied, concerning compensation or medical care, and no such agreement was ever arrived at from the acts and conduct of the parties.

**13**

The time for filing an application for compensation for disability and/or impairment, if any, under the Workmen's Compensation Act of Indiana expired on either February 2, 1951 or February 14, 1951.

Upon the foregoing special findings of fact, the Court does now state its

Conclusions of Law

**1**

This Court has jurisdiction of the parties to and the subject matter of this action.

**2**

The law is with the defendant.

**3**

▇. The contract alleged in paragraph two of plaintiff's complaint is invalid and unenforceable because there was no meeting of the minds of the parties.

**4**

There was no implied contract between the parties because there was no agreement arrived at from their acts and conduct.

**5**

There was no contract between the parties, express or implied, because there was no valid or valuable consideration therefor.

**6**

There is no evidence upon which damages can be assessed.

**7**

The plaintiff is not entitled to recover any amount from the defendant in this action.

**8**

The defendant is entitled to a judgment against the plaintiff that the plaintiff take nothing by reason of his complaint herein.

Judgment ordered entered in favor of the defendant and that the plaintiff take nothing by reason of his complaint herein at the costs of the plaintiff.